[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Following the completion of trial, the jury found in favor of the plaintiff in count one and for the defendant as to count two. The jury awarded $515.71 in damages to the plaintiff. Thereafter, CT Page 7197 on February 27, 1997, the plaintiff filed a motion to set aside the verdict as to damages only and for additur. The matter was heard by this court, Dranginis, J., on March 10, 1997. On April 7, 1997, the court, Dranginis, J., sustained the defendant's objection.
On April 28, 1997, the plaintiff filed this motion for reargument. This court grants the plaintiff's motion to reargue. However, the court denies the relief requested by the plaintiff.
"In considering a motion to set aside the verdict, the court must determine whether the evidence, viewed in the light most favorable to the prevailing party, reasonably supports the jury's verdict." Childs v. Bainer, 235 Conn. 107, 112-13, 663 A.2d 398
(1995). The decision to grant a motion to set aside the verdict or to order an additur is a matter of judicial discretion. Id. InChilds, the court held that a trial court need not an additur in an economic but zero non-economic award scenario. In that case, as in this one, "the cause, nature and extent of the plaintiff's injuries were hotly contested." Id.
On the evidence presented the jury could reasonably decided as they did. The evidence viewed in the light most favorable to the defendant reasonably supports the jury's verdict. The jury's award of $515.71 was the exact amount of the hospital and ambulance bill. The jury awarded nothing to the plaintiff for non-economic damages or for Dr. Hersh's bill for $3,351. From the evidence presented the jury could reasonably conclude that the plaintiff was not entitled to noneconomic damages. Moreover, Dr. Hersh's treatment was repudiated by the jury and accordingly the jury awarded no recovery. With regard to the plaintiff's claim for pain and suffering, the jury did not find the plaintiff's evidence credible.
DRANGINIS, J.